UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEOBEL GONZALEZ CRUZ,

        Petitioner,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
ATTORNEY GENERAL OF THE
UNITED STATES,

        Respondents.

Case No. 2:26-cv-1539-KCD-NPM

## ORDER

Petitioner Leobel Gonzalez Cruz has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement ("ICE"). (Doc. 1.)[1] He claims that his continued imprisonment violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents oppose the petition. (Doc. 7.) For the reasons below, the petition is **GRANTED**.

## I. Background

Cruz is a native of Cuba who entered the United States as a lawful permanent resident in the 1990s. He then started picking up criminal charges and convictions. As a result, Cruz was placed in removal proceedings

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

and ordered removed. He did not appeal, and the removal order became final. Apparently, because he could not be sent to Cuba, Cruz was placed on an order of supervision and released from immigration custody. On November 2, 2025, ICE re-detained him, and his supervision was revoked.

This is not Cruz's first crack at release. Back in March, the Court denied his initial habeas petition because the six-month presumptively reasonable detention period under *Zadvydas* had not yet run. *See Cruz v. Warden*, No. 2:26-cv-218-KCD-DNF, 2026 WL 776133 (M.D. Fla. Mar. 19, 2026). We are now past six months, and Cruz is back, seeking release under *Zadvydas*. (Doc. 1.) In response, the Government states that Cruz is failing to cooperate with his removal by refusing to complete a list of items. (Doc. 7 at 7.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration

2

detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

### III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. at 699. And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order

3

detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

Applied here, Cruz satisfies the initial temporal requirement. ICE took him into custody over six months ago. As a result, *Zadvydas*'s burden-shifting framework applies. Cruz has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. He has received no indication that ICE will remove him, as they have provided no travel document or a confirmed removal date. (Doc. 1-1 at 1.) Coupled with his Cuban citizenship and prior failed attempts at removal, those facts are enough.

The burden thus shifts to the Government to rebut Cruz's showing, but they fail to do so. *Akinwale*, 287 F.3d at 1052. This outcome should come as no surprise—the record offers no documents, no diplomatic agreements, and no concrete evidence that Cruz will be removed in the near future. (Doc. 7.) Instead, the Government states that Cruz refused removal to Mexico by not completing what seem to be pre-departure items. That's it. There's no indication whatsoever that ICE has plans to remove him the near future, even if Cruz did complete the paperwork. Because ICE offers no concrete evidence that removal is likely in the near future or has been actually impeded, Cruz must be released.

It is easy to see why this outcome might cause unease. Cruz is a convicted felon. Yet, because the Government is completely unable to effectuate his removal, he has been allowed to live in this country for decades without facing the ultimate immigration consequence. But this Court is bound by the law. And the law is clear: the Government cannot lock individuals in a cell indefinitely as a workaround for a stalled deportation process, nor can it use indefinite detention simply to placate popular opinion. *Zadvydas*, 533 U.S. at 659. The Constitution cannot be ignored just because the facts are frustrating. If there is a flaw in a system that leaves convicted criminals in a state of perpetual immigration limbo, the remedy lies in the halls of Congress or with the Executive branch—not with a federal judge.

### III. Conclusion

Because the Government cannot show any real prospect of deportation, the Court finds no significant likelihood that Cruz will be removed in the reasonably foreseeable future. He is therefore entitled to release from ICE custody under *Zadvydas*. But that release is not a free pass—he remains subject to the strict conditions of his order of supervision. To the extent Cruz's pro se petition raised any other claims, they are denied. He is entitled to no other relief from the facts presented.

Accordingly, it is **ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as set forth above.

2. Respondents are ordered to **RELEASE** Petitioner Leobel Gonzalez Cruz from custody within 48 hours of this Order under the prior conditions of supervision, which Petitioner must continue to comply with.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**ORDERED** in Fort Myers, Florida on June 5, 2026.

Kyle C. Dudek
United States District Judge